IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| Clarence Kenneth Voigt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **RE § 1915 SCREENING** |
| ) | |
| State of North Dakota, ) | Case No. 1:07-cv-009 |
| ) | |
| Defendant. ) | |

## I.  BACKGROUND

On February 9, 2006, the plaintiff, Clarence Kenneth Voigt ("Voigt"), lodged a *pro se* complaint with this court. In addition, he filed an application to proceed *in forma pauperis*. What follows is the undersigned's recommendation as to how the court should proceed with the Voigt's aforementioned complaint and application.

## II.  DISCUSSION.

### A.  Causes of Action

Timothy Wahlin ("Wahlin"), an attorney with Workforce Safety Insurance ("WSI"), allegedly made false statements about Voigt during a meeting of the Workers Compensation Review Committee ("Committee") on April 27, 2006. Voigt subsequently contacted Jennifer S. Clark, the Committee's counsel, requesting an opportunity to question Mr. Wahlin about these statements at the committee's meeting on September 21, 2006. Ms. Clark allegedly advised Voigt that, per the instructions of the Committee's chair, he could attend the next meeting but would be unable to personally address Mr. Wahlin. Construing the denial of his request as a violation of his rights, Voigt lodged a complaint with the court on February 9, 2007, alleging that members of the Workers' Compensation Review

1

Committee (1) violated his First Amendment Rights and (2) otherwise conspired to interfere with the exercise of his civil rights. He seeks $3.5 million in compensatory damages.

Notably, Voigt sought to file a similar action *in forma pauperis* against the State of North Dakota on October 31, 2006. The crux of that complaint was that he had been defamed by Wahlin during the Committee's April 27, 2006, meeting. He sought to recover $2.5 million in punitive damages for defamation and violation of his First Amendment rights. The court accepted the undersigned's recommendation and denied his application to proceed in forma pauperis on the grounds that his complaint failed to state a federal claim upon which relief court be granted.

### B. Standard Governing Review

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).[1]

In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro

---

[1] 28 U.S.C. § 1915(e)(2) states the following:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
    (A) The allegation of poverty is untrue; or
    (B) the action or appeal–
        (i) is frivolous or malicious
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

*se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996).  In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, <u>unless</u> the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional).  "A complaint is frivolous if it lacks an arguable basis in law or fact."  Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)).  "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory."  Id.

    **C.**    **28 U.S.C. § 1915(e)(2) Screening**

Although Voigt does not so state, he is effectively bringing his claim through 42 U.S.C. § 1983 given his allegations of a federal constitutional violation on the part of the defendant.  To state a claim pursuant to 42 U.S.C.§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

    **1.**    **First Amendment Claim**

It is a fundamental premise that "freedom of expression upon public questions is secured by the First Amendment" and that this constitutional safeguard "'was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people.'" New York Times Co. v. Sullivan, 376 U.S. 254, 269 (1964) (quoting Roth v. United States, 354 U.S. 476, 484 (1957)).  The axiom of a free republic rests on the "national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open . . . ."  Id. at 270.  With the strict adhesion to this principle with few exceptions, the courts have consistently held that the First

Amendment forbids the abridgement, regulation, and the suppression of free expression. Texas v. Johnson, 491 U.S. 397, 404-405 (1989); see also See Thompson v. Huntington, 69 F. Supp.2d 1071, 1075 (S.D. Ind. 1999) (observing that First Amendment rights and violations typically turn on three factors: (1) the level of protection afforded to the speech in question; (2) the forum where the speech is communicated; and (3) the possible justifications for limiting the speech).

Applying these principles when conduct the initial review on Case No. 1:06-cv-084, the undersigned concluded that Voigt had failed to articulate a cognizable First Amendment claim.

> Voigt, however, has failed to allege any First Amendment violation by any person present at the Compensation Review Committee hearing. Voigt did not allege in his complaint that he was denied time to testify at the hearing, that any member of the committee prematurely ended his allotted speaking time because of the content of his speech, or that he suffered any retaliation because of his position at the hearing. Voigt pled he was asked to testify at the hearing and that he was able to testify without hindrance. Thus, his contention is not with the suppression and infringement of his right to expression but instead with the content of the WSI attorney's testimony. This is not an infringement on his right to freedom of expression.

Case No. 1:06-cv-084, Docket No. 2 (Report and Recommendation). In an apparent attempt to address some of the shortcomings, Voigt alleges in the complaint now before the court that the Committee's counsel, at the instruction of the Committee's chair, advised him that he could attend the future meetings but would not be allowed to question Wahlin about Wahlin's testimony at April 27, 2006, meeting.

Voigt was neither excluded from the meeting nor precluded from addressing the Committee. Moreover, there is nothing in the Voigt's complaint to suggest that restrictions were imposed as to the content of his address to the Committee. Consequently, it does not appear that any Committee member impinged upon or otherwise restricted the freedom of self expression guaranteed to Voigt under the First Amendment.

Clearly, Voigt wanted to confront Wahlin about his previous statements. However, the fact that the Committee did not afford Voigt an opportunity to cross examine Wahlin does not constitute a basis for his claimed First Amendment violation as there is nothing in his pleadings to suggest he was otherwise deprived of the opportunity to express his disagreement with and opposition to the position taken by Wahlin on April 27, 2006.

### III.   CONCLUSION AND RECOMMENDATION

It is clear beyond a doubt that the complaint fails to state a federal claim upon which relief can be granted with the meaning of 28 U.S.C. § 1915(e)(2). The Committee's refusal to afford Voigt an opportunity to try Wahlin at its April 28, 2006, meeting does not afford Voigt a cause of action under the First Amendment.

Based on these conclusions, it is **RECOMMENDED** that the application to proceed *in forma pauperis* be denied without prejudice to the claims set forth in the proposed complaint. See Denton v. Hernandez, 504 U.S. at 34; Wilson v. Johnston, 68 Fed.Appx. 761 (8th Cir. 2003) (*per curiam*).

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 5th day of March, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge